Good afternoon, your honors. May it please the court, Kyle Smith on behalf of Plaintiff Appellants Kenneth and Crystal Lake, Tim and Ashley Mosley and Kyle Ohana. I'd like to reserve five minutes of time for my rebuttal. I obviously will keep track of the time over Zoom. And shortly before I start, if I could just repeat your comments on the staff and the audiovisual staff to help us out get set up. It was super helpful and appreciate that great deal. Our appeal seeks review of both jurisdictional and substantive issues. I'd really like to start with the jurisdictional issues following the filing of this case in state court where it was removed under federal enclave jurisdiction. I'd like to make a couple comments about federal enclave jurisdiction that I think help the understanding of what it is, at least in my view, and how it ought to be and should have been applied in this case. Under the federal enclave clause, and this is the first substantive point, essentially it doesn't confer jurisdiction by itself. What it essentially does is it allows Congress to then exercise jurisdiction over federal enclaves. This is a key point, particularly with response to the arguments raised in the responding brief, where essentially they want a locus test of what it's been called. Hey, if a claim arises on a federal enclave, ipso federal enclave jurisdiction. That's not how the clause works. If you look at... Isn't that what Willis seems to say? Isn't that what Durham seems to say in its citation of Willis? Because Durham says federal courts have federal question jurisdiction over tort claims that arise on federal enclaves, period. It sure does, your honor. I think this brings me to the point that there's some... I'm not sure of the right adjective. Essentially where there's non-specific use of the terms concurrent jurisdiction. If you look at Durham and Mater and a lot of these cases on the mainland, when they're referencing concurrent jurisdiction, what they're really referencing is that state courts are courts of general jurisdiction and can essentially always hear federal questions or federal issues in the state court absent removal for some other means. In other words, those can always be there. Many of these mainland cases where they use the phrase, for example, in the Mater v. Holly and other cases relied on in Durham, those are exclusive federal enclave jurisdiction cases. Federal enclave jurisdiction essentially arises in two separate ways. The majority of the mainland federal enclave jurisdiction cases are where there is a sale of state land to the federal government. In those cases, historically, for them to determine the scope of jurisdiction, what that does is it creates a vacuum of law for torts and other cases. Essentially what happens in those situations is the federal enclave under the exclusive jurisdiction adopts the state law as federal law. That then supplies the threshold for federal question jurisdiction. What we have in Hawaii is completely different. This is a different way for federal enclave jurisdiction to be created, which is essentially where you have the admission of a state into the union. In this case, Hawaii in 1959. If you look at the enclave clause where it says that Congress can exercise legislation, it's clear that Congress needs to do this. If you look at the admission clause, the U.S. Congress specifies the scope of jurisdiction for both the state and federal actors in this situation. It's improperly, in my opinion, non-specifically referred to as broad concurrent jurisdiction. If you look at what it's saying, it says that the federal jurisdiction that can be exercised by Congress shall not infringe upon the state jurisdiction that otherwise exists. If you look at the Mader v. Hawley case out of the 5th Circuit that Durham relies upon, for example, your honor, and also Durham mentions this too, as well as Willis out of the 9th Circuit. Exclusive legislation, exclusive jurisdiction, all these things concern sovereignty. Essentially when it's saying that the reservation of federal authority for Congress to legislate over the federal enclaves of Hawaii, those will not infringe Hawaii's equal sovereignty and ability to legislate and have jurisdiction over state enclaves. You might say equal. The admission act very clearly states that the United States is asserting its full exclusive jurisdiction under the property clause, but then it yields back and says that Hawaii may assert concurrent jurisdiction so long as it's not inconsistent with subsequent legislation. That's how I read it. But your position is that that kind of a concurrent arrangement doesn't fit within the rationale of the Mader and Willis cases? Well, I don't necessarily think that the Mader and Willis in Durham are not, I think they're applicable. I think it's just where this terminology of concurrent jurisdiction is used. You need to be careful about what the appellate case is actually stating. And by the way, your honor, if you look back at the admission clause where you pointed out the conflict language, it goes beyond that. It specifically says, shall not prevent Hawaii from exercising to the extent there's not a conflict. And so what happened here is when this case was removed with Hawaii defendant's Hawaii law filed on the first circuit of Oahu, the trial court then tried to decide, well, what's the basis of federal jurisdiction? And essentially created, in our view, largely out of whole law, these hypotheticals that the Kenneth Lake case, this litigation, might implicate these federal issues. Is there anything that suggests that the law that applies on Ohana is federal law that borrows Hawaii law or is it just direct application of Hawaiian law? It should be just direct application of Hawaii law. And the reason is, again, this is this key distinction that I'm glad we're having this discussion. On these earlier cases, when there's the sale of a federal enclave, of land to the federal government to create a national park or military installation, and there's this vacuum of law, essentially the federal enclave adopts the state law as federal law. That's not what happened here. Following admission, the state of Hawaii then legislates under the Hawaii revised statutes and adopts the common law of England. And so that becomes the state law of Hawaii. And so the entirety of the claims at issue are Hawaii laws. There is no federal aspect to this case beyond sort of these, frankly, hypotheticals, which now with the, well, even at that point were not raised under the notice of removal, and certainly with the full record, were never at issue. And so the reason why the rule that, or essentially the test, this hypothetical test of implication that the trial court used, why I think it's problematic, aside from the fact that it eviscerates the admission act and sort of Hawaii sovereignty and Hawaii jurisdiction, is how in the world are litigators or trial judges or appellate judges supposed to apply it when you don't know what the issues might be that a court, a trial court says could be implicated in the future. And so by our suggestion, and my suggestion, is that the better rule is that followed in the Ching V. Isla case, Judge Michael Seabright, which was also within the District of Hawaii. And I think it does a really nice job of going into depth of this history of concurrent jurisdiction for the state of Hawaii, and then some of the confusion on how these different terms are used within the cases historically, and then how they apply to the actual concurrent jurisdiction that's protected by Congress under the Admission Act. There is... What's your response... I'm sorry, Your Honor. What's your response, I'm shifting a little bit to their argument that the notice of removal also invokes the federal agency, federal officer removal. It says the Navy has a proprietary interest in Ohana in as much as it is one of the two members of Ohana. What's your response to their contention that that's enough? Well, our briefs go into this in quite a bit of detail. Those are really two separate analyses. One is federal agency, and the other is essentially we're at the direction of a federal officer. The federal officer stuff is really clear. It has to be specific. It's not enough to just be operating under the penumbra of a federal goal. You have to be under the specific direction and control. And cited in our case, that's the VSE. Can I ask about what control there is? Is Ohana considered a federal contractor, or does Ohana just have a lease on federal land, which then it can operate on its own? Do they have to get approval for construction plans from the federal government? No, Judge. Essentially, Ohana is a file cabinet. It is a paper filing where the managing member, which is really for city, exercise all authority control. We cite some of that within our reply within the actual operating agreement that goes through the management control over the operations at MCBH as far as the lease of homes and this kind of thing. Certainly within respect to the day-to-day leasing negotiations, Ohana, they don't have these real estate agents, et cetera. Are they a federal contractor? My understanding was Congress had passed this in the 70s. They sort of said, look, we're going to get out of the housing business. We're going to privatize this. I'm not clear on how much they did that. Do they still retain some oversight or direction? For example, do they set lease rates or lease conditions that either Ohana or its authority owner put in? No, Your Honor. What the federal government sets in the terms of the Department of the Navy is it sets the BAH, which is a housing allowance. Then if you're a military family who comes to Oahu to lease or needs a home, you can take that BAH allowance, $5,000 or you can go to Kailua-Kaneohe, which is right next door, and you can rent a home there. So Forest City is essentially a private Hawaii company that's competing in the market against other landlords in the same jurisdiction or within the same area of competition, which is the island of Oahu. And it just happens to have a lease on federal land, right? Ohana, there is just a 50-year lease. Essentially what happens is there's a 50-year lease where Forest City gets to lease and make money off the various leases. In exchange for that, it carries out the reconstruction, and in this case also the secret remediation of soils on base. Is it true that Ohana, that the Navy is a formal member of Ohana? It is. And why isn't that enough? Well, under the NRA HOAG factors that are cited with respect to the federal agency, there are multiple factors for the court to consider, and not one or anyone is dispositive. And we walked through that analysis. As far as the management control, really the only one that works or that is in their favor is that they did contribute money with respect to the initial operation. In terms of the actual issues that are being litigated, breach of lease between a landlord and tenants, the Navy and Ohana really have little to nothing, certainly the Navy has nothing to do with that. With respect, Your Honor, the point that I do want to finish on, and I see my time is kind of coming to the end, is that the better rule for federal enclave jurisdiction is the Then there's an analysis that looks at, are there federal issues, and it's solely an issue of state law, are there issues that are necessarily raised? Are they actually disputed? And then, can they be resolved without doing injury to the historic state-federal balance? And so that is essentially the rule that we would like to see applied by the court, which is something that is repeatable and non-subjective for the future, and seek remand of this case back to the state court. I would note that that state and federal injury, in this case, essentially played out as you would predict, where the trial court asserted jurisdiction rashly, in our opinion, and then immediately under a motion to dismiss, threw out the unfair competition claim with its reading of business or property under UMAC, which directly contradicts the statute itself, which says you should look to federal interpretations of similar language, as well as just frankly doesn't make any logical sense that if you have unfair competition, you don't have standing if you're only injured in the terms of your economic, in terms of your money. The whole point of unfair competition is recognized by the Davis case, which the trial court did not consider, and in fact thought that there was no case law in Hawaii on this point, directly addresses this issue to say unfair competition is supposed to be broader than the definition of consumer, which the court used to essentially throw out the claim. I think this case is a very nice oyster shell showing what happens when there's too rash of an exercise of federal jurisdiction, particularly when there's rules in place that would allow state courts and state sovereignty to resolve the state claims. Thank you very much for your time today. I appreciate it very much. Yeah. We'll give you some time for rebuttal. Thank you. Thank you. Council. Thank you, your honors. Randy Wadoff for defendant appellees. May it please the court. I'll jump right into enclave jurisdiction and try to respond to some of the questions that your honors raised. One of the things that my colleague, Mr. Smith does refer to is we should go to the classic rule of enclave jurisdiction. Your honors, the classic rule that has existed since the early 1900s from the surplus trading case is the same rule that has been recognized in myriad of cases since then. Judge Collins identified it as being identified in Durham, but Durham is not some outlier that says if an issue arises on a federal enclave- In Durham, and it cites Willis, and then Willis cites Modern, the rationale of ultimately of Modern is exactly that in the enclave, the law is federal and state law only applies to the extent it's borrowed, but that rationale doesn't apply here because it's an out and out concurrent jurisdiction, and so the state law applies without being borrowed, so we do not have federal, we're not applying federal law, so how is this a federal question? Well, let me apply, let me respond to that in two ways, your honor. The first is, is that while Modern does say that to some extent, that's not what Willis or Durham say, or other more recent cases like Aitken from the 10th circuit. Well, they don't say it, but they don't talk about our situation either, so I don't find any more compelling precedent in those cases than what Judge Collins described for Modern. Well, let me take a step back then, your honors, and talk a little bit about this idea of the federalized state law, and I would disagree with plaintiff's summary of how that occurred here in Hawaii. I think that what we've looked over is how Marine Corps Base Hawaii actually became a federal enclave, and if you look back to our removal papers, we've attached the title reports for how Marine Corps Base Hawaii became a federal enclave, and it occurs through a series of executive orders that begin in 1918, and I think conclude in 1936, and that is exactly the sort of bread and butter sort of taking of a piece of state land to make it a federal enclave. Hawaii is arguing that Marine Corps Base Hawaii is not a federal enclave, but that doesn't answer our question as to what's the federal question that the court needs to deal with. Well, let me go one step further, your honor, and that is when that occurred in the early teens and in the 30s, the law that became the law of that federal enclave was the same and so that law has existed at this federal enclave since that taking occurred. Now, if you go to the Admissions Act that occurs in 1959, the Admissions Act doesn't say that Hawaii law is going to apply going forward. What the Admissions Act says, it says, and it mentions the reservation twice, it says, the reservation of authority in the United States for the exercise by the Congress of the United States of the power of exclusive legislation over the lands, and then it again recognizes the reservation of authority. So you have this situation with the Admissions Act. It specifically recognizes Hawaii law will apply and Hawaii reserves its jurisdiction except to the extent that it conflicts with federal law. So don't you have to suggest that these claims would conflict with federal law in order to even have a shot at federal jurisdiction? Well, first off, your honor, I don't think that that's correct. I think that what Motter says is that jurisdiction exists where this body of federal law exists. And so there needs to be that analysis of whether jurisdiction exists. So are you arguing that this becomes federal, you're arguing these claims become federal common law claims because they're brought on on a federal law enclave? I'm saying that that analysis has to take place. And that's what gives that's one of the things that give rise to federal jurisdiction here. Now in this year, your contract with the plaintiffs provides for the application of Hawaii law. I'm having a little trouble trying to figure out what the federal question here is. And that's the question I posed two minutes ago. And I don't know that I'm any closer to hearing an answer to that question than when you started. All right. What's the federal question? So let me take a step back then, your honors, and am I going to get an answer to my question? What is the federal question? So Judge Clifton, I think that a federal question is not required under Grable and undergone in the Supreme Court's analysis. So are you acknowledging there's not a federal question here? I'm not, your honor, for the reasons that I just explained, but you're not offering one to us to let us know what it is. Well your honor, I'll let you proceed, but I want you to understand that the record as I hear it so far does not identify a federal legal question. And you're saying it's not necessary. That's fine. You can make that argument. But I'm going from the premise that, okay, there's not a federal question here. What's next? Okay. Well, and I'm sorry if I've misspoke a little bit. Let me take a step back myself. I think that there's two things that have been said here. Is there a federal legal question and is there a federal question? And I think, I believe that there is a federal legal question. Is there a federal legal question? I believe so because of the way that the taking occurred and because of the history here. But turning to the federal question. Hold on. I want to make sure I understand your position. Because you've given us a lot of history, but you haven't tied it in. Is your position that Hawaii claims, by virtue of the way this was taken, Hawaii state law claims become federal common law? That seems to be the only theory that would possibly support there being a federal question. I think that that is correct, your honor. And I think that, for instance, Mr. Smith spoke a little bit about the unfair methods of competition law. And so in the lawsuit, we were able to get that issue dismissed on a legal basis. And we think that that was the correct decision. Had we not, what we would have argued is that the unfair methods of competition law shouldn't apply here because it didn't exist when this federal enclave was taken into. Let's just talk more broadly because I'm concerned that your position, and I want to make sure I understand it, is that under any federal enclave, when a claim is brought, it inherently become federal common law sufficient for federal jurisdiction. Is that your position? That's not my position, your honor. My position is, though, that any case that involves an incident that takes place on a federal enclave under Durham, under Willis, under Aiken, there is federal jurisdiction to give rise to that. And I think that the reason for that is demonstrated by a case like this, where you have- I think you just answered, you said you didn't agree with my position, but then you're suggesting that Durham, we take it- I mean, that's the problem with the statement in Durham. Durham says federal courts have federal jurisdiction over court claims that arise on federal enclave. There's no analysis. Is that a holding? Is that dicta? What is that? I would- it is a holding, your honor, because what the court had to analyze in Durham was when did the deadline occur to remove this case? And so reaching that part of the analysis in Durham was absolutely part of the necessary analysis- Well, but your opposing counsel says, and it seems to have some weight, is that that's fine if you consider the facts in Durham, which was it was exclusive jurisdiction. And that seems to me to be the right analysis. If it's exclusive federal jurisdiction on a federal enclave, okay, I'm willing to adopt the Durham rule, but I just- I don't think that this- I don't think Durham considered this issue where there- it clearly did not consider where there was concurrent jurisdiction. Well, let me just say, your honor, that I think Willis and Aitken both addressed that directly- But they're not- but they're not concurrent. They're not concurrent jurisdiction cases either. Both of those cases say that concurrent jurisdiction wouldn't change the analysis. But if I may, your honor- That's dicta. The court noted Willis. That's pure dicta, isn't it? They didn't have that issue, did they? Well, in Willis, the court was giving instruction to the district court on how to resolve this issue. So I would- I don't think that's dicta in this instance where it's saying, this is how you should look at the case going forward. That may be a little bit of a fine point, your honor, but I don't think that that necessarily satisfies the definition of dicta here. But I wonder if I can kind of take care of this issue by changing the framework that we're looking at this a little bit. What I'd like to talk a little bit about is- Just try and give us a framework that supports the district court. Thank you, your honor. Let me just take a step back from on-plate jurisdiction and talk about federal question jurisdiction. Now, we have a test under Grable that says that federal jurisdiction over a state law claim will lie if a federal issue is necessarily raised, actually disputed, substantial, and it doesn't disrupt the state-federal balance. Now, the language that Grable and that Gunn both use is federal issue, not a federal law or a piece of federal legislation. It's a federal issue. And numerous cases, since those cases came out, have recognized that you don't need to have a federal legal question in order to invoke federal question jurisdiction. You need a federal- a federal issue will surprise. Hold on. Okay, so then we're circling back to the same question. What is the federal issue? Thank you, your honor. I'm going to answer that right now. Well, you're about 10 minutes into your argument. You've been asked the question about five times. Go for it. Okay. Thank you, your honor. There's multiple federal issues here. One is the impact that this base has on federal defense strategy and its importance to the national defense strategy. But there's a way to handle that. And how does this lawsuit raise that issue? It raises it directly, your honor, because it puts at issue the entire housing portfolio for that military base. We're talking about- No, it doesn't. That can't be true. It does not put at issue the way that you have marketed the portfolio to individual Marines and their families. It does not put at issue the safety. That's the soil contamination problem. And that's not driven by the lawsuit. That's driven by the soil contamination problem. Your brief outlined all sorts of horrible things that might happen to the Navy. But I don't see any of them driven by the lawsuit. They're driven by the underlying conditions. Your honor, the position taken by plaintiffs in this case is that there are unsafe conditions at military, at Marine Corps Base Hawaii, and that those unsafe conditions make it improper to live on base because of these alleged high safety risks. I don't think they're limited to whether it's on base or off base. They're saying, we came in to rent this property. You didn't disclose the material defect and we wouldn't have rented it had we known. I think their case would have been the same whether it was on a military base or off the military base. As to your contention that there's a federal interest here, I don't know how. I'd like you to explain how there can be a federal interest if the federal government allows, specifically allows, their personnel to live on the base or off the base. You might have a better argument if they required all of the servicemen to live on the base, but they explicitly don't. So doesn't that just undermine your federal interest here? Well, your honor, the question is, is would it nevertheless have a very serious impact on the base if this housing didn't exist? Has the Navy sought to intervene? Has the Navy said anything about this lawsuit? There's no need for the Navy to intervene because it's a member of the LLC it issued here, your honor. That doesn't seem to answer my question. Has the Navy said anything about where this lawsuit should proceed? The Navy has not sought to intervene or taken a position. Should we ask for the views of the United States in this case? Could you ask? Certainly, your honor. That has not occurred and it could occur, I assume. I'm not exactly sure the procedural mechanism by which it would occur, but that's something that could take place. If I may, your honors, let me try to make a couple points in the limited time that I have left. First off is that there are a series of cases. Most of them come up in the context of railroad situations. These cases find that there's a federal question or a federal issue where there's a significant impact on federal interests that aren't necessarily legal. Those same sorts of interests exist here where you have a reversionary interest. I'm not sure your thinking of Grable is correct because if you look at Gunn, the court characterized that element of Grable as whether the question was an important issue of federal law that sensibly belonged to the federal court. I don't think this Grable doesn't say if there's some kind of floating federal interest. There has to be an embedded question of federal law governed by federal substantive law as an element of the state claim that's important. You have not identified any such federal question. Let me respectfully disagree with that, your honor. I would think that there's been a myriad of circuit court cases since Grable and Gunn were decided that go contrary to that. I think one of the most recent cases, the city of Oakland case, that admittedly the court did not find federal jurisdiction in there, but it did note that federal issues could in certain circumstances be sufficient to justify federal jurisdiction. I have very limited time. If your honors... We've taken you over. This is an important case. Make your point. Thank you, your honors. Let me just briefly try to address the federal officer issue that was raised during the previous argument. The point I really wanted to make about federal officer jurisdiction is that under the... Can I just... I know you want to make a point, but while you're looking for it, what direction does the federal officer give here that OHANA has to provide? Thank you, your honor. I think that the direction, one very specific direction that was given here is how much is going to be charged for rent. That is set by the basic allowance for housing, which is set up the Department of Defense on an annual basis on a myriad of factors. Is that right? I thought that doesn't set the rental rates. That just says that the Navy will give a certain amount for housing allowance and it can be used... For example, if OHANA went up and doubled its rental rate, a service member could come in and use its basic housing allowance and then cover the difference. I don't know that that has ever occurred or would ever occur, your honors. In all instances that I'm aware of, the rental rate has been the basic allowance for housing. What about those servicemen that go live off the base? I mean, is the understanding that whether it's on the base or off the base, everyone who's renting to a service member, whatever their standard rates are, they just go by the VAH for service members? No, that's correct, your honor. Off base, you can negotiate whatever arrangement you would negotiate with a landlord. You're saying on the base, I mean, that would be a pretty interesting issue if that were accurate. That was not my understanding. Can you point us to something that says that they're like rent controlled by the federal government here? I can't. I think we would have to look into the specific terms of the agreements between the parties. I can say definitively that in almost all circumstances, the basic allowance for housing has set the rental rates for Marine Corps Base Hawaii. I think the few instances... But the tail isn't wagging the dog. You're right. The Pentagon figures out what the housing allowance is going to be, and OHANA charges that amount. They take the max amount they can, but I don't think the Pentagon is turning to OHANA and saying, well, what are your issues that cause us to change what the housing allowance is going to be? So, I don't understand the connection to this lawsuit. Judge Cook, did you hit on exactly the point that I want to make, that they do not turn to OHANA to ask the bad question. They set the rate, and that rate becomes a rate that applies out here. It's only by OHANA's choice. OHANA could charge... I don't see anything that prohibits OHANA from charging more than that allowance. Maybe that's not the practice. I can't speak to that, but I don't see anything in the record that suggests that you're prohibited any more than a private party off the base. I cannot speak to that definitively, Your Honor. I don't want to misstate... We don't need to beat a dead horse, so that's fine. Did you have any other points here? Let me just make a final point, then. I think that if there are these sorts of factual questions about whether a federal office or jurisdiction exists, then I think the Lindsey v. Starwood case says that where you have a situation like this, where a case has gone all the way through discovery, motion practice, choose positive motion, and have a judgment on the merits, that the appropriate way to address these issues is to see whether there is some basis for jurisdiction before you throw all that out and you have the inefficiency of restarting a case. If there are these sorts of questions about federal officer issues, I think that we could definitely address them at the district court level. Did you request jurisdictional discovery? We did not, Your Honor. If I may just answer this very briefly, the Ninth Circuit's decision in late B. Crane says that there's two ways that you can contest federal officer jurisdiction. You can contest it on essentially a facial basis or a factual basis. The plaintiffs here chose to contest that on a facial basis. Because they contested it on a facial basis, they were stuck with what they had pled in the complaint and what had been pled in the notice of removal. What the notice of removal says is that these issues, like the basic allowance of housing, are set by the federal government and that they effectively control the rent on the base. I think that here, procedurally, the way that this has occurred is that plaintiffs are stuck with those pleadings and they do not get to raise factual issues in this sort of ad hoc way down the road. Let me take your factual issue. Let's assume for the moment that it's the case that the housing allowance effectively controls the rent. How is this lawsuit going to impact that? Well, plaintiff's entire position here is that that rate was too expensive, that it should have been reduced because of these issues that they claim existed in the soil. I understand their claim to be that they were induced to enter an agreement they would not have otherwise entered. Now, you could argue that, well, we can remedy this by cutting the price a little bit, although I think that's going to be kind of tough in a soil contamination case. But that simply is a matter of what's the appropriate remedy. I don't see any impact on the housing allowance. So I'm having trouble understanding the federal interest that you keep saying is implicated here. I don't see how the federal government's affected at all. I think we're kind of moving away from federal interest in the federal question sense and into the federal officer sense, where the issue isn't whether this will ultimately have an impact on what the federal government does. The issue is whether the federal government has set the issue for the defendant, for the corporate defendant. Are you telling me that if the federal government set a higher housing allowance, it wouldn't have been necessary for OHANA to obscure the fact of the soil contamination? I don't see how setting the amount of the housing allowance has anything to do with the allegations against OHANA. Well, respectfully... So if that wasn't the act of a federal officer following orders from the federal government, that's what you need for the federal officer, isn't it? Your Honor, let me respond to that by addressing another issue that got raised earlier today. One of those questions was, does OHANA have to get the government's approval for a construction contract? Do we have to get the government's approval for the form of our lease? I think that, again, there hasn't been discovery on these issues because this was a facial challenge that didn't address that. But to the extent there are questions like that, my understanding is that the facts will show that absolutely the federal government, or the Navy, is approving the lease language, is approving things like the handbook disclosures. All your removal notice says is that many of the acts plaintiffs complain of were performed by defendants in accordance with the agreements. But being consistent with the agreements is not the same as saying that you were compelled by the agreements to do specific actions that they allege are tortious, which is what I thought that a Boyle-type defense requires. So it doesn't, even as a matter of pleading, you didn't plead a sufficient defense under Boyle. Well, Judge, I believe that there's multiple defenses that you would have here. You're correct with respect to remediation issues, but I don't think it's correct with respect to issues such as disclosure. So as I referenced earlier, my understanding, for instance, is that the Navy approves and is hand in drafting the form of the lease. Here the allegation is that lease should have had additional disclosure about the soil issue. So I do think you would have a direct connection in those issues. Now, we didn't get into them because there wasn't discovery, there was only this facial challenge. So that's why I suggest that to the extent there is concern about this type of issue, the appropriate response would be to send it back down to the district court so that there could be discovery on those issues and so that we could do that before we throw away essentially what's been four years of work on these issues. Okay. Thank you, counsel. Mr. Smith, you asked for five minutes for rebuttal. We'll give you that and go ahead. Your Honor, I certainly don't need five minutes. I'm only going to make a couple of points. One is Judge Collins' point on Gunn and Grable is accurate. I think if you wanted to add to the list in this case of where there's sort of confusing language, concurrent jurisdiction, you would also add in federal issue, federal question. If you look at that Gunn, Grable line of cases, it's pretty clear they're talking about federal question. And in Gunn, that was the specific most important issue in the case. And that kind of what segues into the analysis or the discussion that Your Honor's just had with Mr. Waddoff, which is what is the federal issue here, I mean, you can argue that the Navy knew of the lease or set the BAH, but this litigation doesn't, you know, we're trying to apply the lease and we're not trying to change BAH. You know, for our families, the issue is, you know, what are the damages for essentially leasing something different than what we thought it was. And just the fundamental issue that when we, you know, when we show up and we lease a home that we want to know what's under the home and around the home. And that's kind of the fundamental issue. So I really don't have much more to add unless I need to respond to a specific question by one of Your Honors. Should we ask for the views of the United States? Do you know, have they ever filed anything in this case or concerning these issues? Your Honor, I certainly don't think so. I mean, just from the standpoint of this is not a secret. Related litigation, the Barber litigation has gone up and down to the Ninth Circuit on two other occasions. The Navy, Department of the Navy is one of the, obviously a non-managing member in Ohana. And so it kind of ties into the earlier pellet argument that Your Honors had in the prior one where it says at some point, you know, you can't just sit and you got to take a position. And so asking the Navy of what they might want to have happen here frankly is, would really just add in my mind insult to injury when it's a state of Hawaii that created the law following admission. And that's one point maybe I should just point out is following the Admission Act, then Hawaii legislated and adopted the common law. So this isn't a situation like some of the mainland cases of earlier federal enclave where there is a pre-existing body of state law, property gets sold and then that gets pulled in and creates federal questions. It's 100% different in this situation. So that's a roundabout way of saying no, Judge Collins. I don't think the Navy has anything to add on any side of this case. Again, I greatly appreciate your time today and unless there's another question. Any other questions? I don't see any. So thank you very much. Thank you both for helping us with this case. Your Honors, if it wouldn't be inappropriate, can I ask one question about the issue of getting information from the Navy that I can make a suggestion on? Go ahead. Thank you. I appreciate it. The only thing I was going to say is that it's difficult for a private party to get the Navy to comment on anything. If the court believes it would be helpful to get the Navy's input, then I would suggest that it might be helpful for some sort of instruction from the court to get that. I think that that would help. Thank you. Fair enough. We take your position into consideration. Thank you. The case is now submitted and that concludes our arguments for today.
judges: Clifton, Nelson, Collins